Judge Mills
delivered the Opinion of the Court.
Feemster appealed to the circuit-court, from the judgment of a justice of the ppaoe. The appeal bond taken by the clerk, read thus ip its condition:
“Now if the said Feemster and M. V. Harrison, or either of them, in the event of said judgment [of the justice of the peace,] being confirmed or said appeal being dismissed by the court, shall satisfy and pay said judgment and costs, and all costs and damages that may be legally accrued and be awarded *538 thereon, then the above obligation to be void, elsetQ remain in foil force and virtue in law.”
Judgment of the circuit court dismissing the ap ■ peal for supposed insufficiency of the bond.
'Question stated.
Act allowing appeals to the circait court, and prescribing the conditions of the bond.
The court below, on motion of the appellee, dismissed the appeal, because the bond was defective in the condition thereof, and to reverse this judgment, Feemster has prosecuted his writ of error.
It seems clear that if the judgment of the circuit court, had been as large against Feemster as that given by the justice, so that the latter would, in substance, be confirmed, or the appeal have been dismissed, no doubt the bond wouJd have been forfeited. The question then arises, is there any other mode by which the appeal could have been disposed of, and yet Feemster be bound, if his bond had been taken literally conformable to the act of Assembly? It is contended by the defendant in error, that there is still another mode by which Feemster’s case could have been disposed of, and yet he ought to have been hound; as for instance, he might have lessened the judgment and got clear of the greater part thereof, and yet he and his surety be bound for the balance. If this position be correct, then the law is against him, but if not, then he ought to succeed in his writ of error. This question turns on the correct construction of the act of Assembly regulating this matter, which reads as follows;
“The person praying an appeal, shall, in the clerk’s office of the circuit court, to which the appeal is returnable, enter into bond and security, to be appro veil by said clerk, in a sum not less than double the original debt and costs, with condition to pay the same, provided he gets cast. And no appeal shall be dismissed, for any irregularity in the proceedings had before the magistrate; but the same shall be tried on its merits, as though no trial had been previously had thereon.”
Another clause of the act gives the right of appeal to either party. It is not the practice under this act, to render judgment, in form reversing or affirming the judgment rendered by the justice; but it is evident every judgment must, in substance, be either an affirmance or reversal.
Absurd effect of pursuing the letter of the statute.
Another case of the absurd consequences of the literal, purport of the act.
If the foregoing provisions be taken according to their letter, they would seem to provide for but one kind of case, and that is the case of a plaintiff in the warrant obtaining judgment before the justice for his whole demand, and the defendant praying an appeal, and becoming convict in the circuit cohrt, for the same amount. But apply these provisions to other cases, to which they must be applied, and take them literally, and they will produce absurdities which the legislature could not have intended. Bet the plaintiff fail, in obtaining judg^ ment for his demand before the justice, and become the appellant, and if he fails iu the circuit court, he is bound; according to the letter of the act, as well as his security, to pay the amount of the debt for which he was sued, to the defendant, although he did not owe it when the controversy began. This could not have been the intention of the act, and we are bound to depart from the letter and pursue the intention, to effectuate the design of the Jaw,
The remaining case, which we shall notice, is of the same character, and if the letter can be depart* ed from, it will obviate the difficulty in the bond before us.
Suppose the plaintiff obtains his judgment first lor fifty dollars, thirty of which the defendant contends is unjust, and to get clear of it, he appeals, and succeeds in showing that the judgment of the justice was for too much, literally he may be said to be “cast,” as a judgment must still go against, him in the circuit court for twenty dollars. But has he forfeited his bond, although fie succeeded to the utmost of his contest? To answer this, we. must depart from the letter of the act, for by the terms of the act, he is not bound to pay the twenty dollars, and costs only, but the original debt, which was-fifty dollars, although the judgment in the circuit court against him, was only twenty; for the act says, that the bond shall be conditioned to pay the same, to-wit: the original debt and costs, so that after he has got clear of thirty dollars by the appeal, his. adversary is entitled to recover fifty on the bond, the judgment of the circuit court notwithstanding, *540 which is too' absurd to be admitted. If then we must depart from the letter and fix on a less sum fof his liability on his bond, it comports more with the legislative intention, to say that- he has not forfeited his bond at all, as he succeeded in reducing the demand, and thus procured a virtual and substantial reversal of the judgment, and his adversary is defeated to some extent' at least. We cannot suppose it was the intention of the legislature to compel litigants to purchase justice at so dear a rate, as to compel them' to give bond with surety, for all that remained, if a Cent was left due, although they are driven into appeals to get clear of demands in part Unjust. In short the legislature, in the section which we have just read; did not intend to give the form of the bond, and define all its requisites, but only to direct the' substance thereof, arid that substance must be so construed as to effectuate the intention of the legislature, as applied to the different class of cases. The rigid of appeal is given' on the supposition that judgments may be given unjust, in whole or in part, anil to correct that injustice, whether partial or total, was the design of the appeal, and if by the appeal the correction takes place, then th,e appellant is not cast in the sense intended. The word'“cast” is eqúivbeál and indefinite, and does not ex vi termini mean if'any judgment is rendered against the appellant, but if he fails to succeed in tiny part of the contest. If, therefore, the judgment is foi! as much or more than it was before the justice, then the judgment is substantially affirmed or confirmed, and the appellant is “cast;” as the act Supposes. If, however, the appellee fails hi obtaining a judgment as large as hé had done before the justice, then the appellant succeeds, and is not “cast,” in the language of the act, nor does any liability accrue on the appeal bond.
If the appellant. succoeil in the circuit court, in reducing the judgment rendered against him by the justice, he is not cast, nor is the judgment affirmed, in the meaning of the statute, and so the condition of the appeal bond prescribed by the statute is iiot broken.
Condition of the appeal bond, that m case of the judgment of the justices feeing confirmed, or the appeal being dismissed, then &c. is substantially conformable to the statute.
*540 This construction of the act will give to appeal bonds of this nature the same effect, as js given to to appeal bonds taken in cases brought to this court, from inferior tribunals, in which, if the appellant succeeds in lessening the demand, and in but a partial reversal, he saves his bond 'and the condition is not broken. Testing this bond by this *541 construction ctf the act, it is valid, as it embraces in its condition every event on which the bond, if taken in the general terms of the act, could have been forfeited; that is the confirmation of the judgment, or the dismissing of the appeal. The court consequently erred in dismissing the appeal and refusing to try it.
Hanson and Feemster, for plaintiff; James Trimble, for defendant.
The judgment must, therefore, be reversed with costs, and the cause bfe remanded, with directions for new proceedings, not inconsistent with this opinion.